JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

REBECCA STAPLETON,

07 CV 2387

        Plaintiff,

-against-

    COMPLAINT FOR
    VIOLATION OF THE
    FAIR DEBT
    COLLECTION
    PRACTICES ACT

TOBACK, HYMAN, BERNSTEIN & REIS, LLP,

        Defendant.

------------------------------------------------------------------x

RECEIVED
MAR 22 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff REBECCA STAPLETON, an individual consumer, against Defendant TOBACK, HYMAN, BERNSTEIN & REIS, LLP. ("Defendant" or "Toback") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendant violated the Act by suing the plaintiff on a consumer debt after the applicable statute of limitations had expired and by making false and misleading representations to the plaintiff.

## JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.   Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

1

## PARTIES

3.     Plaintiff REBECCA STAPLETON (formerly "Rebecca Neal") is a natural person residing in St. Louis, MO.

4.     Defendant TOBACK, HYMAN, BERNSTEIN & REIS, LLP is a New York corporation engaged in the business of collecting debt in this state with its principal place of business located in New York, New York. Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5.     On or about March 17, 2006 the defendant wrote to the plaintiff in an attempt to collect an alleged debt on behalf of Columbia University.

6.     On March 22, 2006 the plaintiff wrote to defendant and disputed the validity of the debt and further informed the defendant that the applicable statute of limitations had expired on the debt.

7.     On April 21, 2006 defendant wrote to the plaintiff in response to her March 22, 2006 letter. Defendant alleged that the plaintiff had withdrawn as a student from Columbia University on March 10, 2000 and was responsible for 50% of Columbia's tuition as of that date.

8.     The applicable statute of limitations on that debt - which was six years pursuant to New York CPLR § 213 - accordingly expired on March 10, 2006.

9.    On or about March 31, 2006 - after the six year statute of limitations on the alleged debt had expired - defendant brought suit against the plaintiff (suing her under her maiden name, Rebecca Kay Neal) on behalf of Columbia University in New York County Civil Court, Index No.  01849/06.

10.    Prior to serving the plaintiff with a copy of that lawsuit, the defendant wrote to the plaintiff on May 24, 2006.  That letter falsely stated that if the plaintiff did not make arrangements with the defendant for repayment "within ten days we will proceed with suit."  In fact, unbeknownst to the plaintiff at the time, the defendant had already sued the plaintiff as of that date.

11.    On June 8, 2006 the plaintiff wrote to the defendant in response to its May 24, 2006 letter and once again explained that the applicable six year statute of limitations had already expired on that debt.

12.    The plaintiff was finally served with a copy of the lawsuit via mail on June 29, 2006 and was forced to hire counsel to defend herself in that action.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13.    The plaintiff hereby realleges in incorporates by reference each of the allegations alleged above.

14.    Plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

15.    Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

16.   The alleged debt underlying plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

17.   Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by bringing suit against the plaintiff on the alleged debt after the applicable statute of limitations had expired.

18.   Defendant violated 15 U.S.C. §§ 1692e and 1692e(2) by bringing suit against the plaintiff on the alleged debt after the applicable statute of limitations had expired.

19.   Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening to sue the plaintiff on May 24, 2006 if she did not make payment arrangements within ten days when the defendant had in fact already sued the plaintiff.

20.   The plaintiff is entitled to an award of actual and statutory damages for the defendants' unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A.   Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B.   Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C.    Awarding the plaintiff attorney's fees and costs pursuant to 15 USC §

1692k(a)(3).

D.    Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Rebecca Stapleton demands trial by jury

in this action.

Dated:       March 22, 2007
             New York, NY


_____
Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff